**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2307**

NMS HEALTHCARE OF HAGERSTOWN, LLC,

        Petitioner,

    v.

UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,

        Respondent.

On Petition for Review of an Order of the Department of Health and Human Services. (A-14-95).

Submitted: September 30, 2015      Decided: October 13, 2015

Before KING and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Mark A. Yost, Jr., Hyattsville, Maryland, for Petitioner. Rod J. Rosenstein, United States Attorney, Jane E. Andersen, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

NMS Healthcare of Hagerstown ("NMS"), a skilled nursing care facility, seeks review of a final decision of the Secretary of the Department of Health and Human Services. That decision affirmed an administrative law judge's ("ALJ") decision upholding the imposition of a per instance civil monetary penalty ("CMP") against NMS for its noncompliance with federal Medicare regulations. We dismiss the petition for lack of jurisdiction.

If a skilled nursing facility fails to comply with the requirements of the federal Medicare program, the Secretary is authorized to "impose a civil money penalty in an amount not to exceed $10,000 for each day of noncompliance." 42 U.S.C. § 1395i-3(h)(2)(B)(ii)(I) (2012). A party "adversely affected by a determination of the Secretary [to impose a CMP] may obtain a review of such determination" by filing a petition in the appropriate United States Court of Appeals and requesting that the determination be modified or set aside. 42 C.F.R. § 1320a-7a(e) (2014); see 42 U.S.C. § 1395i-3(h)(2)(B)(ii)(I) (cross-referencing regulation).

Generally, a finding that a skilled nursing facility's deficiencies caused immediate jeopardy to the health or safety of the residents or patients is not reviewable under the regulations. 42 C.F.R. § 498.3(d)(10)(i) (2014). While a

2

facility may appeal a finding of noncompliance, § 498.3(b)(13) (2014), it may not appeal the level of noncompliance unless that level would affect the range of CMP amounts that could be imposed. § 498.3(b)(14)(i) (2014). For deficiencies constituting immediate jeopardy, penalties range from $3,050 to $10,000 per day. § 488.438(a)(1)(i) (2014). For deficiencies that do not constitute immediate jeopardy but have the potential for more than minimal harm, penalties range from $50 to $3,000 per day. § 488.438(a)(1)(ii) (2014). However, monetary penalties for a single instance of noncompliance range from $1,000 to $10,000 per instance regardless of the existence of immediate jeopardy. § 488.438(a)(2) (2014).

In the instant petition, NMS challenges only the finding of immediate jeopardy and asserts that this court possesses jurisdiction by virtue of 42 U.S.C. § 1395i-3(h)(2)(B)(ii)(I) and 42 C.F.R. § 1320a-7a(e). However, the cases cited by NMS in support of our jurisdiction are distinguishable because they did not address the imposition of a per instance CMP, but instead reviewed the imposition of per diem CMPs, penalties to which the immediate jeopardy finding is relevant in determining the appropriate range of the CMP. See Grace Healthcare of Benton v. U.S. Dep't of Health & Human Servs., 603 F.3d 412, 417 (8th Cir. 2009) (based on immediate jeopardy determination, facility fined $3,500 per day for two days and lost training program). The

3

immediate jeopardy determination plays no role, however, in determining the range of a per instance CMP as levied in the instant case.

NMS asserts, in the alternative, that this court has jurisdiction because the immediate jeopardy determination is a separate agency action with harmful consequences that fall within the Administrative Procedures Act. Although the APA provides that "[a] person . . . adversely affected . . . by agency action . . . is entitled to judicial review thereof," 5 U.S.C. § 702 (2012), the APA "is not a jurisdiction-conferring statute," Lee v. U.S. Citizenship & Immigration Srvs., 592 F.3d 612, 619 (4th Cir. 2010) (internal quotation marks omitted). Instead, the jurisdictional source for an action under the APA is 28 U.S.C. § 1331 (2012), the federal question statute, which grants district courts original jurisdiction to review agency action. Id.

"Because district courts have general federal question jurisdiction under 28 U.S.C. § 1331, the normal default rule is that persons seeking review of agency action go first to district court rather than to a court of appeals." Nat'l Mining Ass'n v. Sec'y of Labor, 763 F.3d 627, 632 (6th Cir. 2014) (internal quotation marks omitted). "Initial review of agency decisions occurs at the appellate level only when a direct-review statute specifically gives the court of appeals subject-

4

matter jurisdiction to directly review agency action." Id. (internal quotation marks omitted). As discussed above, the direct-review statute conferring jurisdiction on this court is inapplicable here.

Accordingly, we conclude that we lack jurisdiction over NMS' petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED